# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2009

No. 08-41271
Summary Calendar

Charles R. Fulbruge III
Clerk

MARICELA ARREDONDO; ET AL.,

Plaintiffs-Appellants

v.

WEBB COUNTY SHERIFF RICK FLORES, SHERIFF OF WEBB COUNTY,
TEXAS; WEBB COUNTY, TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CV-191

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a district court's grant of summary judgment, in favor of the defendant-appellees, in a 42 U.S.C. § 1983 case for alleged violations of the plaintiff-appellants' First Amendment rights to free speech and association. Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.    BACKGROUND

In March of 2004, Rick Flores campaigned for Sheriff of Webb County, Texas against the incumbent, Juan Garza, in Webb County's Democratic Primary election.  Leading up to the primary election, the plaintiff-appellants were employed under the incumbent Garza's administration, and in their third amended complaint, the plaintiff-appellants alleged that they publicly supported Garza in his campaign to defeat Flores.  Flores, however, won both the primary and the subsequent general election, and as a result, became the Sheriff of Webb County.

On December 30 and 31, 2004, Flores delivered termination letters to ninety–six employees who had served under Garza's administration (including all the plaintiff-appellants in the instant action).  On August 29, 2005, the plaintiffs filed suit against both Flores and Webb County, pursuant to 42 U.S.C. § 1983, alleging that their First Amendment rights to free speech and association were violated when their employment with Webb County was terminated.  On March 31, 2007, the plaintiffs filed their third amended complaint, and on December 14, 2007, the defendants filed their motion for summary judgment.

In their motion for summary judgment, the defendants argued that judgment in their favor "should be granted in this case because there is no genuine issue of fact on the elements of Plaintiffs' cause of action . . . ."  Specifically, the defendants averred they were entitled to judgment in their favor because none of the plaintiffs could put forth sufficient evidence to demonstrate "they have been deprived of a constitutionally protected federal right."

On September 30, 2008, having concluded that the plaintiffs "offered no competent summary judgment evidence in support of" their First Amendment violations, the district court granted the defendant's motion for summary judgment on all of the plaintiffs' claims.  On October 9, 2008, the plaintiffs filed

a motion for reconsideration, asking the district court to "reconsider the summary judgment entered against them on the ground of their failure to attach properly verified summary evidence to their response to defendants' motion for summary judgment." On October 28, 2008, the district court denied the plaintiffs' motion for reconsideration.

On October 31, 2008, the plaintiffs filed their second motion for reconsideration, arguing that the district court's analysis in its denial of their first motion was flawed. On November 11, 2008, the district court denied the plaintiffs' second motion for reconsideration, and on March 31, 2009, the district court entered final judgment in favor of the defendants— on all of the plaintiffs' claims. The plaintiff-appellants subsequently filed the instant appeal.

On appeal, the plaintiff-appellants raise two issues. First, the plaintiff-appellants contend that the district court granted the defendants' summary judgment motion sua sponte, basing its decision on an issue to which the plaintiff-appellants had no notice and consequently, no opportunity to respond. Second, the plaintiff-appellants argue that the district court's conclusion that the plaintiff-appellants had failed to establish the third element of their First Amendment claim, causation, was in error, and should therefore be reversed.[1]

---

[1] Because this Court finds that the district court's decision was not based on an issue the court considered sua sponte (but rather, was based on an issue the defendants had clearly raised in their motion and to which the plaintiffs had ample opportunity to respond), this Court will not consider the appellants' second issue regarding causation. The Court need not reach the question of whether the plaintiffs' evidence sufficiently established the third element of causation because the district court properly concluded the plaintiffs had not engaged in any protected speech. *See Markos v. City of Atlanta, Tex.*, 364 F.3d 567, 570 (5th Cir. 2004) ("To establish a First Amendment retaliatory discharge claim, the plaintiff must prove that (1) he suffered an adverse employment action, (2) his speech involved a matter of public concern, (3) his interest in commenting on the matter of public concern outweighed the defendant's interest in promoting efficiency, and (4) his speech was a substantial or motivating factor behind the defendant's actions."). Thus, in instances where a plaintiff cannot demonstrate that he engaged in protected speech, there is no need to consider the fourth *Markos* factor since without an act of protected speech, a plaintiff has no First Amendment claim. *Id.* As such, this Court today does not reach the question of whether the district court erred in granting summary judgment against the plaintiff-appellants on the issue of causation. *See United*

II.    ANALYSIS

A.    STANDARD OF REVIEW

We review "a district court's grant of summary judgment *de novo*." *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 455 (5th Cir. 2003).  "Summary judgment is appropriate, when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of any material fact exists." *Id.* (citing *Celotex v. Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986)).

B.    WHETHER THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT

The plaintiff-appellants contend that the district court's order granting summary judgment should be reversed because in granting the defendants' motion, the district court erroneously concluded that none of the plaintiffs had presented sufficient evidence to demonstrate they engaged in protected speech. The plaintiff-appellants argue the district court's conclusion in this regard constitutes error because the defendants' motion for summary judgment only averred that four individual plaintiffs had not engaged in acts constituting protected speech—*not* that none of the plaintiffs had engaged in any acts of protected speech.  Consequently, the plaintiff-appellants now argue that the district court erroneously based its decision on an issue to which the plaintiff-appellants never had notice or the opportunity to respond.

While it is true that "a district court may not grant summary judgment sua sponte on grounds not requested by the moving party[,]" *Baker v. Metropolitan Life Ins. Co.*, 364 F.3d 624, 632 (5th Cir. 2004), a thorough review of the record reveals that in the present case, the district court did not grant the

*States v. Dunigan*, 555 F. 3d 501, 508 n.12 (5th Cir. 2009), *cert. denied*, --- U.S. ----, 129 S.Ct. 2450, (2009) ("[T]his court may affirm the district court's judgment on any grounds supported by the record.") (citation and quotation marks omitted).

defendants' motion sua sponte. Instead, the plaintiffs were given ample notice and opportunity to respond to the defendants' arguments. Plaintiffs, however, failed to provide the district court with the evidence necessary to survive the defendants' motion for summary judgment. Having failed to provide their own evidence, the plaintiff-appellants now petition this Court to reverse the district court based on an error that is solely attributable to the plaintiff-appellants. We decline to do so.

In this case, the facts speak for themselves. It is true that a few paragraphs in the defendants' motion highlighted four individual plaintiffs who, by their own admissions, admitted they had not engaged in protected speech. The plaintiff-appellants' extrapolation, however, that the defendants' motion for summary judgment was thus limited to those four plaintiffs alone is unfounded. The defendants' motion contained numerous paragraphs highlighting several versions of the same argument: that none of the plaintiffs had submitted sufficient evidence to "establish a violation of the[ir] First Amendment rights." Because an act of protected speech is a necessary element in establishing a First Amendment violation,[2] it should come as no surprise that the district court considered whether all of the plaintiffs had put forth sufficient evidence to substantiate their alleged acts of protected speech. Accordingly, we find that the defendants' motion for summary judgment did serve to put the plaintiff-appellants on notice that they would need to produce competent summary judgment evidence to substantiate their First Amendment claims–including their allegations that each individual plaintiff engaged in an act of protected speech.

Indeed, the plaintiff-appellants not only had notice, but they also had ample opportunity to put forth the necessary evidence to ensure their claims'

---

[2] *See Markos*, 364 F.3d at 570.

survival. Defendants filed their motion for summary judgment on December 14, 2007. The district court did not rule on the motion until September 30, 2008. Thus, the plaintiffs had from December, 2007, to September, 2008, to present competent summary judgment evidence, and they simply failed to do so.

Furthermore, although the plaintiff-appellants now claim they had no notice that the district court would be considering the sufficiency of their evidence regarding the plaintiffs' alleged acts of protected speech, a review of the record reveals the plaintiff-appellants' characterization of the issue in this regard is disingenuous. In their first motion for reconsideration, the plaintiffs asked the district court to "reconsider the summary judgment entered against them on the ground of their failure to attach properly verified summary evidence to their response to defendants' motion for summary judgment." Nowhere in their motion for reconsideration did the plaintiffs state that the defendants' motion had failed to provide them with proper notice or opportunity to respond.

The plaintiff-appellants now ask this Court for the opportunity to properly present the evidence they should have presented in the first place. Because "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration[,]" *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006), we affirm the district court's denial of the plaintiffs' motion for reconsideration. In doing so, we also conclude that the district court properly granted summary judgment in favor of the two defendants on all of the plaintiffs' claims. The record clearly demonstrates that the district court did not grant the motion sua sponte, and accordingly, this Court declines to grant the plaintiff-appellants an additional opportunity to present evidence to substantiate a claim they failed to substantiate when their case was properly before the district court.

AFFIRMED.